The opinion of the Court was delivered by
Dunkin, C. J.
By the will of Mrs. Ann Venning, she devised and bequeathed to her nephew, the defendant, the sum of seven thousand five hundred dollars, and her house and 'lot st Mount Pleasant, and certain slaves (by name), in trust to receive and pay over to testatrix’s son, William Pearce, during his natural life, the rents and profits, income and interest thereof, and to take his receipt therefor, and upon his death in trust for his children, &c., as therein jorovided, and it was declared to be lawful for the trustee, “with the consent in writing of the said William Pearce, to dispose of the whole or any part of the said real ■estate and other property hereinbefore mentioned and to ■substitute other property, real or personal, in the stead thereof,” and so on, from time to time, to sell the said property and to substitute other property in lieu thereof. The pecuniary legacy was paid in the bond of William Lucas for two thousand five hundred dollars, and of Theodore D. Wagner for five thousand dollars. No objection is made that the trustee, instead of requiring payment in cash from the executors of Mrs. Venning, as he had the right :to do, received payment in these bonds. Wagner’s bond 'being past due, was paid in 1859, and the money invested in a bond of P. P. Bonneau, secured by a mortgage of the same plantation. In January, 1863, Bonneau’s bond being past due, was paid to the trustee, and the money invested in eight per cent, bonds of the Confederate States of America at par. No charge of negligence, or want of caution or of judgment in this transaction is alleged *89 against tbe trustee. But tbe objection is, that tbe power to sell and dispose of and reinvest, given by the will of the testatrix, applies as well to the pecuniary legacy of seven thousand five hundred dollars as to the house and lot and slaves devised and bequeathed for the use of the plaintiff. The Court is unable to recognize the soundness of this construction. The terms “sell and dispose” are not properly applicable to money. The testatrix exhibited no want of confidence in the judgment or discretion of the trustee; but the contrary. He was authorized to receive the pecuniary legacy, and pay over the interest to her son during his natural life. No directions were given to invest the funds. That may have been left to the discretion of the trustee, but the interest was made payable to her son during his natural life. But the testatrix had also provided for the use of her son, a house and lot and certain slaves. To part with any part of this for other property, was not merely a matter for the exercise of judgment and discretion of the trustee. Her son, for whose use it was, might have partialities for any part of the property, and was also properly to be consulted as to the ■ property proposed to be substituted.
It was, therefore, declared that any such change should only be lawful, when made with the consent, in writing, of her son, William Pearce. But none of these reasons were applicable to the pecuniary legacy, the management of which was left with the trustee. Such being the construction of the will adopted by this Court, it is ordered and decreed that the appeal be dismissed.
Wardlaw, and Inglis, A. J., concurred.

Appeal dismissed.